THOMPSON, J.
 

 This is an action for compensatory damages for humiliation, shame, and mental anguish suffered by the plaintiff and alleged to have been caused by the spiteful, malicious, and revengeful act and conduct of a conductor in ejecting the plaintiff from one of the street cars of defendant company and for having plaintiff arrested and put in prison.
 

 It appears from the evidence that the plaintiff boarded one of the ears on Laurel street on his way to Canal street, and gave the conductor a 10-cent piece; the conductor giving 2 cents in change, the fare at that time being 8 cents.
 

 Before placing the dime in his belt the conductor discovered that it was a Canadian coin, and immediately apprised the plaintiff of that fact, and requested that he take the dime back and pay his fare in lawful money. The plaintiff refused to.do so; claiming that he had received the dime from another conductor on the evening before.
 

 The plaintiff took his seat in the car and began reading a newspaper. The conductor went to the plaintiff again and asked him to pay his fare, but the plaintiff was obstinate in his refusal to do so. The conductor then told him that, when a police officer got on the car, he would have him removed. The plaintiff replied, “Do what you see fit.”
 

 The car proceeded on its way, and in a short time a policeman got aboard, and the conductor informed him of what had happened. The police officer asked the conductor what he wanted him to do, and the conductor replied, “Put him off the car.” The officer then said, “No, they will get back at me, the only thing I can do is to put him in jail.” The conductor then said, “Wait till we get to the second precinct police station and I will phone to the main office.”
 

 When the car reached the station the eonducter phoned to the office of the company for instructions, and was advised, if the plaintiff had paid his fare in a foreign coin, and would not make it good, to get an officer and have plaintiff removed from the car. The conductor and the officer then called on the plaintiff, and both requested him to pay his fare. A passenger also said to the plaintiff, “Why don’t you pay your fare?” but the plaintiff still refused to pay, though he admits that he had the money with which to pay.
 

 The officer then told the plaintiff that if he did not get off he would have to put him in jail. The plaintiff replied, “That’s what I want you to do ; put me in jail.”
 

 The plaintiff was then taken in charge by the officer and led from the car into the police station, the conductor accompanying them. The plaintiff was booked with the charge of violating a city ordinance in disturbing the peace on a street car. The affidavit was made by the police officer, and the plaintiff was locked up for a few hours.
 

 When the case was taken up for trial the conductor was not notified, and, no one appearing for the prosecution except the policeman who had made the arrest, the plaintiff was discharged.
 

 There is some variance in the testimony of the plaintiff, the conductor, and the policeman with reference to the fact as to whether the conductor 'told the policeman to arrest the plaintiff or merely to put him off the car, but the facts are substantially as we have related them.
 

 There is no doubt that the dime which the plaintiff gave the conductor was a foreign coin which the conductor could not have been
 
 *287
 
 called on to accept, and it is also a proven fact that the only reason the plaintiff gave for not replacing the dime was that he had received it from another conductor of defendant company. The conductor was extremely considerate and patient with the plaintiff. He gave the plaintiff every opportunity to pay his fare, and took action to remove him only after all efforts at persuasion had proved unavailing' and after he had phoned his company for instructions.
 

 There is no doubt of the legal right of a conductor to eject a passenger from a street car who, after repeated demands, obstinately and without sufficient excuse persists in refusing to pay the required fare, provided that no more force is used than is necessary to. accomplish the ejectment.
 

 “A passenger who fails or refuses without a reasonable excuse to pay his fare or produce a ticket when properly demanded becomes a trespasser, and may be ejected from the train or car.” 10 Corpus Juris, p. 731; De Lucas v. N. O. & Carrollton Railroad Co., 38 La. Ann. 930.
 

 And what the conductor may do himself in this respect he may cause to be done by an officer of the law.
 

 There was no violence used, and certainly there is no reason whatever for the altogether unjustifiable charge made in the petition that the action of the conductor was malicious and revengeful. If the plaintiff suffered any humiliation or mental anguish by reason of his ejection from the train by an officer of the law, the fact was superinduced by his attempt to ride on defendant’s car without the payment of his fare in lawful money.
 

 Nor do we think that the defendant company can be held liable for plaintiff’s arrest and imprisonment. As already stated, the affidavit was made by the police officer, and the charge was for disturbing the peace. There is no proof that the company, or any one having authority to represent it, authorized the charge to be made against the plaintiff for disturbing the peace. The instructions to the conductor were limited to the removal of the plaintiff from the car. If the conductor went beyond such instructions and directed the police officer to prefer the charge of disturbing the peace after the plaintiff had been removed from the car, which is extremely doubtful, he clearly acted beyond the scope of his authority, and for that action the defendant cannot he held responsible.
 

 The only authority which the conductor had or could exercise on behalf of the company was to collect the fare or in default of its payment to put the passenger off the car. He owed no duty to his company to have the plaintiff arrested after his removal from the car.
 

 Beyond and aside from this, however, it is not certain that the arrest for disturbing the peace on the street car was entirely without probable cause.
 

 But be that as it may, the plaintiff is without cause or right of action against the defendant for reasons we have already given.
 

 The judgment appealed from is affirmed.
 

 O’NIELL, C. J., dissents.